# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 12 C 50272 | DATE | 4/11/2013 |
| CASE TITLE | White v. United States | | |

**DOCKET ENTRY TEXT:**

White's motion to vacate, set aside or correct sentence pursuant to § 2255 [1] is denied. Certificate of appealability denied. This case is closed.

■[ For further details see text below.]

Docketing to mail notices.

---

After a jury trial, Tremaine White was convicted of bank robbery in violation of 18 U.S.C. § 2113(a). He is currently serving a 137-month sentence. Before the court are White's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255; the government's response in opposition; and White's reply. For the following reasons, the court denies White's motion.

## I. BACKGROUND

On January 27, 2009, the grand jury charged White with robbery of $18,582 from a U.S. Bank branch in Rockford, Illinois on December 26, 2008. This court appointed counsel to represent White. White pleaded not guilty and the case was tried before a jury on October 13-15, 2009.

At trial, the evidence showed that on the date in question White entered the bank, approached a teller, and slid a note to her across the counter. As he did so, White placed his hand inside his waistband as if he were reaching for a gun. The teller did not remember the exact wording of the note but remembered that it stated that White had a weapon, demanded the money in her drawer, and instructed her not to include any dye packs. The teller gave White $18,582 from her drawer. The teller described the robber to police and told them to the best of her recollection what the demand note said and that it was written on lined paper with a frayed edge.

White took the robbery proceeds back to the house that he shared with his uncle, William Cole, and his mother. White's sister, Shenay White ("Shenay"), was also at the house and saw White holding a bag containing a large amount of money in wrappers that appeared to have come from a bank. The next day, White gave Shenay a little over $3,000 to bond his girlfriend, Kristina Saylor, out of jail. White placed the rest of the money in a plastic bag in his closet where Shenay later discovered it. Shenay took approximately $1,200 and then told Uncle Bill about the money who also took some money. When White discovered the loss, he confronted Shenay and accused her of stealing his money. She returned all but $400 which White allowed her to keep.

A few days after the robbery Shenay went to the police and told them that she suspected her brother of robbing the U.S. Bank. Shenay identified White as the robber from a still photograph from the bank surveillance video. Saylor also identified White as the individual in the photograph. The teller identified White from a

photo-array.

The police arrested White at his home on December 29, 2008. Police searched the house and seized a coat and boots that the teller later identified as similar to those worn by the robber, but did not find the money. After the police left, Shenay and Uncle Bill found and divided about $12,000 hidden in the basement in an electrical compartment of the washing machine. They were later charged with possessing bank robbery proceeds. Police conducted a second search of defendant's residence and found a pair of blue jeans with a vertical pattern of skulls on the back of each pant leg and a stocking cap which matched those worn by the robber. Police also searched White's rental car, which police had impounded at the time of his arrest, and recovered a robbery demand note written on a piece of lined notebook paper with a frayed edge. The officers also recovered a notebook from which the demand note had apparently been torn. The note read: "I have a gun. Give me the money in the register. No dye packs, no silent alarms, and no one will get hurt. Do it quickly." Police showed the note to the teller, but she did not think it looked like the note used in the robbery.

After his arrest, but before trial, White spoke with Saylor and during one of those conversations he told Saylor to tell the police that he did not commit the robbery and that he was not the man in the surveillance photograph. White's counsel argued that White was not the robber, that it was Uncle Bill.

The jury found White guilty. This court sentenced him to 137 months' imprisonment. In calculating White's sentencing guideline range, the court found by a preponderance of the evidence that the note recovered from the rental car was the note used during the bank robbery and because it stated that White had a gun, enhanced White's guideline range under § 2B3.1(b)(2)(F) for having made a threat of death during the robbery.

On direct appeal, White argued that the district court: (1) erred in admitting testimony from his sister and ex-girlfriend that he was the individual shown in the still photograph from the surveillance video taken during the bank robbery, (2) erred in admitting the handwritten demand note recovered from his rental car, and (3) erred in relying on the demand note to enhance his sentence for having made a threat of death during the robbery. The Seventh Circuit rejected each argument and affirmed White's conviction and sentence. See United States v. White, 639 F.3d 331, 333 (7th Cir. 2011). White filed a petition for rehearing en banc which the Seventh Circuit denied on July 14, 2011, and issued a mandate on July 22, 2011. White filed the instant § 2255 motion on July 13, 2012 maintaining that he was deprived of the effective assistance of counsel during pre-trial proceedings, at trial, and during sentencing.

## II. ANALYSIS

Relief under § 2255 is "an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007). Accordingly, habeas relief under § 2255 is "reserved for extraordinary situations." Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996). "To succeed on a § 2255 petition a convicted defendant must show that the district court sentenced him in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." Id.

"[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003). To succeed on an ineffective assistance of counsel claim, a movant must demonstrate (1) his attorney's performance "fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). To satisfy the first prong, the court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. A district court's "analysis begins with the strong presumption that the defendant's attorney rendered adequate representation of his client." United States v. Meyer, 234 F.3d 319, 325 (7th Cir. 2000) (quotation marks omitted). Therefore, petitioner must overcome a heavy burden to prove

that his attorney was constitutionally deficient. <u>Shell v. United States</u>, 448 F.3d 951, 955 (7th Cir. 2006).

Before granting an evidentiary hearing, the § 2255 "petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions." <u>Prewitt</u>, 83 F.3d at 819 (quotation marks omitted). "But courts may deny an evidentiary hearing where the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." <u>Koons v. United States</u>, 639 F.3d 348, 355 (7th Cir. 2011) (quotation marks omitted).

### A. Pretrial

White claims that his counsel's pretrial performance was deficient because he failed to: (1) perform any pretrial investigation including requesting that the court order hand writing exemplars to compare to the bank robbery note found in his rental car, (2) interview government witnesses prior to trial, and (3) file any meaningful pretrial motions including a motion to suppress the note found in his rental car.[1] The government argues that White has failed to satisfy his burden of establishing both prongs of the <u>Strickland</u> test as to each claim.

As for his first claim of pretrial ineffective assistance of counsel, White has not explained why counsel's performance was deficient in failing to move for leave to hire a handwriting expert. White does not specify whose handwriting exemplars his counsel should have sought out or why he believes such evidence would show that he was not the author of the robbery note recovered from White's rental car. Significantly, White has not even stated under penalty of perjury or otherwise that he told his counsel that he did not write the note recovered from his rental car. Consequently, it is pure speculation that a handwriting expert would have concluded that White did not write the note. <u>See United States v. Turcotte</u>, 405 F.3d 515, 537 (7th Cir. 2005) ("[U]nsubstantiated and largely conclusory statements fall far short of carrying [movant's] burden of persuasion as to the two elements of the test outlined in <u>Strickland</u> . . . ."). As such, White has not provided any basis upon which the court can conclude that a failure to request a handwriting expert was outside the wide range of professionally competent assistance. Therefore, White has failed to establish the deficient performance prong of the <u>Strickland</u> test.

Even if White had established deficient performance, he has failed to demonstrate that he suffered resulting prejudice. The robbery note recovered from White's rental car was not the pivotal evidence in the case. Although it is clear that the bank robber handed the teller a note, it was not clear that the note recovered from White's rental car was the same note used in the robbery. Nor was it necessary for the jury to conclude that the robbery note recovered from White's rental car was the actual note used in the bank robbery because the teller testified that the note the robber slid to her indicated that he had a weapon and she also said that he placed his hand inside his waistband as if he were reaching for a gun. Moreover, in view of all the evidence presented at trial, including the positive identifications of White as the bank robber, showing that someone else wrote the note would only suggest that White had an accomplice, not that he did not commit the bank robbery. Specifically, defendant was identified as the bank robber by the teller, his sister, and his ex-girlfriend; the coat, boots, hat, and distinctive skull jeans worn by the bank robber were later discovered in White's residence; a portion of the robbery proceeds were used to bond out White's girlfriend; and the remains of the bank robbery proceeds ended up in the hands of White's sister and uncle. Based on this and other evidence presented at trial, the court concludes that the evidence against defendant was so overwhelming that White has failed to show that a reasonable probability exists that the result of the trial would have been different had defense counsel presented a handwriting expert who opined that White did not write the robbery note recovered from his rental car. <u>See</u> <u>Strickland</u>, 466 U.S. at 694. Therefore, the court concludes that White has failed to carry his burden as to either prong of <u>Strickland</u> and is not entitled to relief on his first claim of pretrial ineffective assistance of counsel.

With regard to White's second claim, even assuming that his counsel did not interview any government witnesses prior to trial, White has not thereby rebutted the presumption that counsel acted objectively reasonably under the circumstances. <u>See Meyer</u>, 234 F.3d at 325. The presumption that counsel reasonably determined that interviewing the government's witnesses before trial was unnecessary is especially strong in light of the fact that his counsel had the discovery materials, including any statements made by government witnesses prior to trial,

and cross-examined each witness at trial. Thus, White has not rebutted the presumption of reasonableness and the court is unable to say that counsel's pretrial conduct was constitutionally deficient.

As for the prejudice prong, White makes the conclusory assertion, based on pure speculation, that had his counsel conducted pretrial interviews, government witnesses would have made statements inconsistent with their previous statements which his counsel could have used to impeach their trial testimony. This assertion is not sufficient because White provides no basis for so concluding. See United States v. Farr, 297 F.3d 651, 658 (7th Cir. 2002) (holding that conclusory, unsupported statements do not satisfy Strickland's prejudice prong). Consequently, White has failed to carry his burden of establishing a reasonable probability that the result of the trial would have been different had defense counsel conducted pretrial interviews of the government's witnesses. Because he has failed to carry his burden as to either prong of Strickland, White has failed to establish that he is entitled to relief on his second claim of pretrial ineffective assistance of counsel.

White's third claim of pretrial ineffective assistance is counsel's failure to file a motion to suppress the robbery note recovered from his rental car. White makes the conclusory statement that "counsel could have cited many U.S. Supreme Court cases that would have supported counsel's suppression motion" but does not identify the cases or explain why he believes such a motion had arguable merit. Therefore, White has not meet his burden of demonstrating deficient performance.

Even assuming arguendo that White's counsel's performance was objectively unreasonable in failing to seek suppression of the robbery note, White has failed to establish that he suffered any prejudice as a result of his counsel's performance. As discussed above, even without the robbery note the evidence against White was overwhelming and this court cannot conclude that there is a reasonable probability that the result of the trial would have been different had the robbery note been suppressed. Therefore, the court concludes that White has failed to carry his burden as to either prong of Strickland and is not entitled to relief on his third claim of pretrial ineffective assistance of counsel.

**B. Trial**

White argues that his counsel's performance was deficient during trial because he failed to: (1) object to the perjured testimony of Shenay White, (2) meaningfully test the government's case-in-chief including meaningfully cross-examining the government's witnesses regarding statements the teller made to the FBI and the prosecutor, (3) make objections that would have preserved meritorious issues for appellate review, (4) object to the admission of the robbery note on hearsay or unfair prejudice grounds, and (5) seek a limiting instruction. The government argues that White has failed to satisfy his burden of establishing both prongs of the Strickland test as to each claim.

White's first claim of ineffective assistance during trial is counsel's failure to object to the perjured testimony of Shenay White. This claim fails because it is conclusory, vague, and unsupported. See Turcotte, 405 F.3d at 537 (holding that unsubstantiated and conclusory statements are insufficient to satisfy a § 2255 movant's burden of persuasion on the two prongs of the Strickland test). White has not indicated what portion of Shenay's testimony he believes was perjurious or how an objection would have prevented the government from presenting her testimony. In addition, the court notes that White's counsel cross-examined Shenay in detail with regard to her plea agreement with the government under which she received a four-month prison sentence and four months home confinement in exchange for her cooperation with the government at White's trial. As a result, counsel provided the jury with the opportunity to reject Shenay's testimony on the basis that she falsified it in order to obtain a lenient sentence. White does not indicate what more he believes that his counsel should have done to expose Shenay's purported perjury. Consequently, the court concludes that White has failed to carry his burden as to either prong of Strickland, and has thereby failed to establish that he is entitled to relief on his first claim of ineffective assistance of counsel during trial.

White's second claim of ineffectiveness during trial, that counsel failed to meaningfully cross-examine the government's witnesses regarding statements the teller made to the FBI and the prosecutor, also fails because

it is conclusory, vague, and unsupported. See Turcotte, 405 F.3d at 537. White does not identify the purported deficiencies in counsel's cross-examination of the bank teller or any other government witness, much less establish prejudice by demonstrating that the outcome of the trial would have been different had the witnesses been properly cross-examined. Therefore, White has failed to establish entitlement to relief as to his second claim of ineffective assistance of counsel during trial.

The same analysis applies to White's third claim of ineffective assistance of counsel during trial: that counsel failed make objections that would have preserved meritorious issues for appellate review. White does not identify the testimony or evidence that should have been objected to, the legal basis for such an objection, or how he suffered prejudice. As a result, White has failed to establish entitlement to relief as to his third claim of ineffective assistance of counsel during trial.

White's fourth and fifth claims, that counsel failed to object to the admission of the demand note on hearsay or unfair prejudice grounds and failed to seek a limiting instruction are also conclusory, vague, and unsupported. See Turcotte, 405 F.3d at 537. In fact, White's counsel did object to the admission of the robbery note on the ground that the government had not authenticated the note. This court overruled that objection and its ruling was affirmed on appeal. See White, 639 F.3d at 337. Although White's counsel did not object on hearsay or unfair prejudice grounds, White does not explain why he believes such objections would have been sustained. It is clear that such objections would not have been sustained. The Seventh Circuit reviewed White's hearsay and unfair prejudice arguments for plain error on direct appeal and concluded that the robbery note was not hearsay because it was not offered for the truth of its content and that any unfair prejudice was outweighed by the probative value of the robbery note. Id. at 337-38. The Seventh Circuit also held that while no limiting instruction was tendered by the defense, "the district court did not commit plain error in failing to sua sponte issue a limiting instruction." Id. at 338. In addition, as noted above, White has failed to demonstrate that he suffered prejudice as a result of the admission of the robbery note in light of the other overwhelming evidence against him. Thus, White has failed to establish that he is entitled to relief as to his fourth and fifth claims of ineffective assistance of counsel during trial.

### C. Sentencing

White argues that his counsel's performance was deficient at sentencing because he "allowed the court to make sua sponte findings that the Court then used to enhance White's sentence with issues that were never decided by the jury."[2] At sentencing, the government sought to enhance White's advisory sentencing guidelines range by two points under § 2B3.1(b)(2)(F) for having made a threat of death during the robbery, and defendant objected. The court found that the enhancement was appropriate because the robbery note recovered from White's car, which the court found by a preponderance of the evidence was the actual note used in the bank robbery, stated that White had a gun. Thus, there was nothing sua sponte about the court's application of the enhancement. It is true that the jury did not necessarily find that the robbery note recovered from White's car was the actual note used in the bank robbery, but the court is permitted to make findings by a preponderance of the evidence for sentencing guideline calculation purposes. See United States v. Watts, 519 U.S. 148, 156 (1997) ("The Guidelines state that it is 'appropriate' that facts relevant to sentencing be proved by a preponderance of the evidence, and we have held that application of the preponderance standard at sentencing generally satisfies due process." (citation omitted)). Therefore, White has not demonstrated that counsel was deficient for failing to object to application of the enhancement because the finding was made sua sponte. White has also failed to demonstrate prejudice with regard to his counsel's purported failure to prevent the court from applying the enhancement. On direct appeal, the Seventh Circuit held that "the district court properly enhanced White's sentence under § 2B3.1(b)(2)(F)" noting that the enhancement was further supported "given that White also reached to his waistband as if he had a gun, and given the teller's fearful reaction captured on the surveillance video." White, 639 F.3d at 339. For these reasons, White has failed to demonstrate that he is entitled to relief on his claim that he was afforded ineffective assistance of counsel at sentencing.

### III. CONCLUSION

For the reasons stated above, White's motion to vacate, set aside or correct sentence pursuant to § 2255 is denied. Pursuant to Rule 11(a) of the Rules Governing § 2255 proceedings, this court denies a certificate of appealability in this case. A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation marks omitted). White has not made a substantial showing of the denial of a constitutional right nor has he shown that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented in the petition deserve encouragement to proceed further. Therefore, a certificate of appealability will not be issued.

---

1. In his reply to the government's response to his § 2255 motion, White attempts to raise a new claim: that his counsel was ineffective in advising him at the plea bargaining stage. This claim is not properly before the court for two reasons. First, because this argument was made for the first time in White's reply brief, it is waived. See Gonzales v. Mize, 565 F.3d 373, 382 (7th Cir. 2009); Jennings v. United States, 461 F.Supp.2d 818, 833 (S.D. Ill. 2006). Second, the factual assertions White makes in support of this argument are only in his unverified reply brief and therefore cannot serve as a basis to grant relief. See Galbraith v. United States, 313 F.3d 1001, 1009 (7th Cir. 2002) (affirming the dismissal of an ineffective assistance claim where the defendant "present[ed] no affidavit from himself or his trial counsel supporting his version of his attorney's conduct, nor any other available, probative evidence that would effectively support [his] claim").

2. In his § 2255 motion, White divides his ineffective assistance of counsel at sentencing claim into five parts. Three of those parts are allegations that this court erred in some manner at sentencing which were either raised on direct appeal and rejected or could have been raised on direct appeal and were not. As such, were White advancing these claims they would be deemed procedurally defaulted. See United States v. Peleti, 576 F.3d 377, 383 (7th Cir. 2009) (noting that once a claim has been rejected on direct appeal the law of the case doctrine bars the defendant from raising it in a § 2255 motion); Massaro, 538 U.S. at 504 (noting that if a § 2255 petitioner does not raise a claim in his direct appeal, that claim is barred unless the petitioner can demonstrate cause for the procedural default and actual prejudice). In any event, in his memorandum in support of his § 2255 motion, White makes clear that he is claiming ineffective assistance of counsel at sentencing as quoted above.